**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GLORIA TEAGUE** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 10 C 5972 |
| | ) |
| **NORTHWESTERN MEMORIAL HOSPITAL, an** | ) |
| **Illinois not-for-profit corporation,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OPINION AND ORDER

On September 20, 2010, plaintiff filed a complaint alleging that defendant, her former employer, violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, by failing to offer her a reasonable accommodation for her disability. Now before me is defendant's motion for summary judgment, which I grant on the ground that plaintiff's claims are time-barred, as discussed below.

I.

Plaintiff, who has suffered from severe asthma since 2004, worked for defendant as a housekeeping assistant beginning in April of 1999. Between March and June of 2008, plaintiff's physician wrote letters indicating that plaintiff should be placed on various work restrictions. The first such letter, dated March 3, 2008, recommended that plaintiff "stay on light duty for the next three weeks." Def.'s SOF, Exh. 20. The next letter, dated March 24,

1

2008, was more specific about plaintiff's restrictions, stating that she should not do any heavy lifting, and that she should avoid chemicals, perfumes, scented products, and dusty environments. Def.'s SOF, Exh. 21. Plaintiff admits that defendant modified her job duties after receiving these letters by putting her on "light duty." Deposition of Gloria Teague, Def.'s SOF, Exh. A, 68:15. She testified, however, that she did not avoid "chemicals, perfumes and scented products." *Id.*, 68:21. Subsequent letters from plaintiff's physician in the following months, the most recent of which is dated June 2, 2008, imposed other restrictions including no mopping, no pushing carts, no working in (or wearing a mask if working in) dusty environments. Def.'s SOF, Exhs. 22, 23. Plaintiff testified that defendant sometimes made her work outside her doctor's restrictions, but she admitted that she performed her job within her restrictions from June of 2008 until May 2, 2009. On that date, a severe asthma attack caused plaintiff to be hospitalized and to initiate, the following day, a leave of absence from work from which she never returned. Thereafter, plaintiff received sick and vacation pay, then long-term disability pay, until her employment was terminated on July 12, 2010.

Plaintiff filed a charge of discrimination with the EEOC on June 18, 2010, in which she stated her complaint as follows: "I was hired by Respondent in or around April 1999. My most recent position was Housekeeping. Respondent was aware of my disability.

I requested a reasonable accommodation, and one was not provided."
In her deposition, plaintiff fleshed out the basis for her charge,
testifying that defendant discriminated against her by failing to
adhere to her doctor's light duty restrictions and failing to move
her to a different job. Plaintiff did not allege in her charge, nor
does she seek to assert in this action, that her termination, or any
other action defendant has taken since the start of her leave in May
of 2009, was discriminatory. Although plaintiff's complaint alleges
that defendant "refused all requests of [plaintiff] and her
physicians to provide [plaintiff] with any accommodation
whatsoever," Cmplt., ¶ 22, her theory of liability has evolved since
then, presumably in view of the evidence that plaintiff's job duties
were indeed modified (albeit not to her satisfaction) in response
to her physician's letters. In opposition to defendant's motion,
plaintiff no longer argues that defendant made no accommodation
whatsoever of plaintiff's disability, but instead insists that
defendant violated the ADA by failing to engage in an "interactive
process" with plaintiff to determine whether an appropriate
accommodation could be made.

II.

Under the ADA, a plaintiff has 300 days from the occurrence of
an allegedly discriminatory act in which to file a timely charge
with the EEOC. 42 U.S.C. § 12117(a). Plaintiff does not deny that
she filed her charge more than 300 days after any discrete act she

3

claims was discriminatory. She argues, however, that the "continuing violation" doctrine tolls the statute of limitations in this case. But that doctrine, as plaintiff acknowledges, "is designed to 'accommodate plaintiffs who can show that there has been a pattern or policy of discrimination continuing from outside the limitations period *into the statutory limitations period*, so that all discriminatory acts committed as part of this pattern or policy can be considered ... timely.'" *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 345 (7th Cir. 1999) (emphasis added). Even assuming, as plaintiff argues, that defendant's failure to accommodate her disability in 2008 constituted a "pattern or policy of discrimination," she has offered no evidence of (nor does she even allege) any discriminatory act occurring *within* the limitations period to which she could "link" the time-barred acts of which she complains. *See Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000) (under continuing violation doctrine, plaintiff may "get relief for a time-barred act by linking it with an act that is within the limitations period.") Plaintiff's citation to *Sutton v. Potter*, No. 02 C 2702, 2004 WL 603477 (N.D. Ill. Mar. 22, 2004) (Leinenweber, J.), is not to the contrary.[1]

_____

[1]Although the *Sutton* court concluded on the facts of that case--in which the lack of a "definitive temporal marker" to distinguish the defendant's allegedly discriminatory non-responsiveness to the plaintiff's request for accommodation from "normal and expected administrative delay or red-tape,"--that the plaintiff had established a continuing violation, it nevertheless declined to allow the plaintiff to proceed on the time-barred

Nor does the characterization of defendant's violation as a failure to engage in an "interactive process" overcome this problem.[2]   Plaintiff states, in a conclusory fashion, that defendant's failure to engage in such a process was ongoing until her termination on July 12, 2010.  But this argument lacks support in the law because defendant's duty to engage in an interactive process to determine whether a reasonable accommodation could be made ended when plaintiff became totally unable to return to work on May 2, 2009.  *See Mojica v. Southwest Airlines Co.*, No. 94 C 5552, 1999 WL 262130, at *6 (N.D. Ill. Apr. 21, 1999) (Tinder, J.) ("[a]n employer has a duty to engage in the interactive process to determine an appropriate accommodation only if the employee has a disability which can be accommodated")(citing, *inter alia*, *Bultemeyer v. Fort Wayne Comm. Schs.*, 100 F.3d 1281, 1285-86 (7th Cir. 1996)).  Indeed, the federal regulations implementing the ADA

---

conduct in view of her unreasonable delay in filing a claim after she reasonably should have understood the defendant's inaction as a decision not to accommodate her.  In this case, plaintiff admits that she understood defendant's conduct as a failure to accommodate her at the time, so there is no basis for departing from the general rule that the limitations period begins to run at the occurrence of the allegedly discriminatory act.

[2]This assumes--though the parties do not address the issue--that the modified violation plaintiff now asserts is within the scope of her EEOC charge, which is a prerequisite to its proper assertion in this forum.  *McCoy v. City of Chicago*, No. 10 C 5685, 2011 WL 1770466, at *2 (N.D. Ill. May 9, 2011) (Manning, J.) ("a plaintiff may only pursue a claim in federal court if it falls within the scope of one of the claims in the underlying EEOC charge." (citing *Conner v. Illinois Department of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005))

contemplate an "interactive process" only between an employer and a "qualified individual," 29 C.F.R. § 1630.2(o)(3). An individual who is unable to work with or without accommodation is not a "qualified individual." *See Waggoner v. Olin Corp.*, 169 F.3d 481, 485 (7th Cir. 1999) ("Except in the unusual case where an employee can effectively perform all work-related duties at home, an employee who does not come to work cannot perform *any* of his job functions, essential or otherwise," and therefore is not a qualified individual).

Nor do the facts support plaintiff's oblique suggestion that the "discovery rule" warrants postponing the beginning of the limitations period. Plaintiff testified that when defendant required her to work outside her restrictions (in the first half of 2008), she believed that defendant was failing to make a reasonable accommodation for her condition and that defendant was discriminating against her. Of course, plaintiff is not responsible for drawing the legal conclusion that defendant's acts were discriminatory. But her testimony reveals that she was, at least, "alerted to a possible problem," *Miller*, 203 F.3d at 1004), undercutting any argument that she could not reasonably have realized until a later time, based on defendant's subsequent conduct, that she had suffered an actionable injury. This is especially true in view of plaintiff's testimony that suggests defendant's conduct actually *improved* during the final period of her

active employment, when it did not cause her to work outside her restrictions.

Finally, plaintiff's claim that equitable estoppel bars defendant from asserting the statute of limitations has no merit. As plaintiff's lead case on this issue acknowledges, equitable estoppel applies when an employee's untimely filing "was the result of 'a deliberate design by the employer of actions that the employer should have unmistakenly understood would cause the employee to delay filing his charge.'" *Hoffman-Dombrowski v. Arlington International Racecourse, Inc.*, 11 F. Supp. 2d 1006, 1011 (N.D. Ill. 1998) (declining to apply equitable estoppel). Nothing in the record can reasonably be construed as any such "deliberate design" on defendant's part. Indeed, equitable estoppel requires evidence of, among other things, a misrepresentation by the party against whom estoppel is asserted. *LaBonte v. U.S.*, 233 F.3d 1049, 1053 (7th Cir. 2000). Plaintiff has neither alleged, nor offered evidence to suggest, that defendant made any misrepresentation with respect to her claim.

Because I conclude that plaintiff's claim is time-barred, I need not address defendant's remaining arguments for summary judgment. Defendant's motion is granted.

ENTER ORDER:

_____
Elaine E. Bucklo

7

United States District Judge

Dated: October 31, 2011